Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, CA 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC MATSUMOTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LI TAI PO COCKTAIL LOUNGE, a California limited partnership; and DOES 1-10,<br><br>Defendants. | Case No. 3:24-cv-778<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>Jury Trial Demanded |

Plaintiff Marc Matsumoto, through counsel, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

## **PARTIES**

4.     Matsumoto is a resident of Tokyo, Japan.

5.     Defendant LI TAI PO COCKTAIL LOUNGE ("LI PO") is a California limited partnership with its principal place of business located at 916 Grant Avenue, San Francisco, CA 94108. LI PO owns, operates, and/or controls the commercial website lipolounge.com and its related/affiliated websites, subdomains, social media pages, and mobile applications (collectively, "Defendants' Website").

6.     On information and belief, Defendants DOES 1-10 (collectively, "DOE Defendants") (altogether with LI PO, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, who therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7.     On information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement – Against All Defendants, and Each)**

8. Matsumoto is a content creator, television host, and F&B consultant based in Tokyo, Japan. Working at the intersection of food, media, and marketing, he leverages his experience to help connect Japan with the world through the lens of food. He publishes the food blog and YouTube channel "No Recipes," where he teaches everyday cooks how to elevate their meals using easy-to-follow techniques. Matsumoto's photos have been featured in books, magazines, websites, and product packaging, and he is known in part for his styling and photography of food and beverage.

9. Matsumoto took and owns four original photographs registered with the U.S. Copyright Office (collectively, the "Subject Photographs").

10. Following the publication and display of the Subject Photographs, Defendants (and each of them) stored, displayed, created derivative works of, distributed, and/or otherwise used verbatim copies of the Subject Photographs on Defendants' Website for commercial purposes without Matsumoto's permission (collectively, the "Accused Posts").

11. Copies of the Subject Photographs and screen captures of the Accused Posts are set forth below:

| Subject Photographs | Accused Posts |
|---|---|
|  gyudon-beef-bowl-3 |  https://lipolounge.com/what-kind-of-sake-for-beef-gyudin/ |

| Subject Photographs | Accused Posts |
|---|---|
|  gyudon-beef-bowl-6 | https://lipolounge.com/what-kind-of-sake-for-beef-gyudin/ |
|  gyudon-recipe-007 | https://lipolounge.com/what-kind-of-sake-for-beef-gyudin/ |

| Subject Photographs | Accused Posts |
|---|---|
| gyudon-beef-bowl-2 | <br>https://lipolounge.com/what-kind-of-sake-for-beef-gyudin/ |

12. Defendants had access to the Subject Photographs, including through Plaintiff's website(s), an authorized licensee of Plaintiff's, an Internet search engine, and/or a third-party website or publication; and/or because the Accused Products are verbatim copies of, and thus strikingly similar to, the Subject Photographs.

13. Defendants, and each of them, stored, displayed, created derivative works of, distributed, and/or otherwise used verbatim copies of the Subject Photographs on Defendants' Website for commercial purposes without Plaintiff's permission.

14. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

15. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Photographs. This entitles Plaintiff to disgorgement of Defendants' profits attributable to Defendants' infringement in an amount to be established at trial.

16. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of, or in reckless disregard or willful blindness for, Plaintiff's rights,

such that said acts of copyright infringement were willful. Matsumoto sent LI PO correspondence in August 2023 demanding that LI PO cease and desist from its unauthorized uses of the Subject Photographs, and requesting information needed to reach an amicable resolution of this dispute. Yet in February 2024, LI PO continued to display the Accused Posts on Defendants' Website, necessitating this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants be enjoined from using the Subject Photographs in any manner that infringes Plaintiff's rights in the same;

b. That Plaintiff be awarded Defendants' profits, plus Plaintiff's losses, attributable to Defendants' infringements of the copyrights in the Subject Photographs, the exact sum to be proven at the time of trial; or, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded such relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 8, 2024                        DONIGER / BURROUGHS APC

                                            By:    */s/ Stephen M. Doniger*
                                                    Stephen M. Doniger, Esq.
                                                    Benjamin F. Tookey, Esq.
                                                    *Attorneys for Plaintiff*